Stanard, J.
The injunction in this case was sought and obtained by the testator of the appellee, to a judgment on an obligation given on the retainer of counsel to defend the parly on a charge of forgery. The ground on which it was sought was not that such an obligation, on such a consideration, was bylaw invalid, for that would be untenable; nor that the service had not been rendered, for it confessedly was; but that the obligor was induced to employ the obligee by the menace, that if he did not, the obligee would act as counsel against him in aid of the prosecution. That the conduct imputed to the obligee is a gross violation of professional delicacy, propriety, and even morality, no one with just perceptions of professional selfrespect and duty would controvert. Whether, however, it would amount to such coercion, duress or extortion, as to invalidate the contract for compensation for the services thus in a manner imposed on the party, is a question purely legal, and proper for the adjudication of a court of law, on being presented to that forum as a defence to a suit for the compensation. Without considering that question in this case, it suffices to say, that if the law would not sustain such defence, in other words if in law such a contract was valid, a court of equity has no right to absolve the party from it; and if in law the contract was invalid, the defence should have been made in that forum. In this case no excuse is suggested, or even intimated, much less proved, for not making the defence at law. On the contrary, after the obligation passed into the hands of assignees, who, for *199 aught that appears, are honest claimants for value, judgment at law is suffered to pass in their favour without an attempt at such defence; and it is only ter the party, being pressed by execution, has delayed it by a forthcoming bond, and is again pressed by execulion on the bond, that this defence is brought forward in a court of equity against these assignees. It is not fit that the aid of that court should be given to a party asking it on such grounds and under such circumstances ; especially as it appears that after the service was rendered, and when the party was free from the influence of a pending prosecution, and of the apprehended aid that the obligee might give to it, he ratified the contract for the compensation by making it unconditional.
My opinion therefore is, that the injunction ought not to have been granted ; and that the decree perpetuating it is erroneous, and ought to be reversed with costs, the injunction dissolved, and the bill dismissed, with costs to the appellants in the county and superior courts.
The other judges concurring, decree entered accordingly-